## DE LEON et al. v. LONGORIA et ux.
### (No. 7892.)

Court of Civil Appeals of Texas. San Antonio.
Jan. 18, 1928.

**1. Appeal and error ⨀345(1)—Notice of appeal from order overruling second motion for new trial, made after judgment was rendered, gave appellate court jurisdiction, though made more than two days after entry of verdict.**

Where verdict in death action was on special issues, plaintiffs *held* to have properly served notice of appeal within two days after overruling of second motion for new trial on whole case which was made within two days after entry of judgment for defendants, though more than two days after entry of verdict, notwithstanding failure to give notice of appeal from order overruling plaintiffs' motion for judgment or for mistrial and new trial.

**2. Automobiles ⨀247—Findings held to require judgment for defendants in action for death of pedestrian on highway, who became confused and stepped in path of defendants' automobile.**

In action against automobile owners for death of pedestrian on highway, who became confused and stepped in path of approaching car, findings as to negligence and contributory negligence *held* to require judgment for defendants, notwithstanding findings that defendants' car was not provided with adequate brakes and that defendants by exercising ordinary care could have avoided accident.

**3. Automobiles ⨀247—Finding that defendants could have avoided accident held not to authorize judgment for plaintiffs in death action, where issue of proximate cause was not submitted.**

In action against automobile owners for death of pedestrian on highway, finding that defendants, by use of ordinary care, could have avoided colliding with deceased, *held* not to authorize judgment for plaintiffs, where issue whether such negligence was proximate cause of accident was not requested nor submitted to jury.

**4. Automobiles ⨀247—In death action, findings for defendants held not so conflicting as to preclude judgment, notwithstanding findings as to defendants' defective brakes and failure to avoid accident.**

In action for death of pedestrian, struck by defendants' automobile on highway, findings for defendants *held* not so conflicting and contradictory as to preclude judgment thereon, where findings that defendants' car was equipped with defective brakes and that defendants could have avoided accident were neutralized by finding that defective brakes were not proximate cause of accident and failure to submit issue whether negligence in failing to avoid accident was proximate cause.

**5. Appeal and error ⨀1001(1)—Findings supported by testimony are conclusive.**

Where there was sufficient testimony in death action to support jury's findings, reviewing court is without authority to disturb such findings.

**6. Trial ⨀140(1)—It is juror's province to weigh testimony and appraise credibility of witness in his own way.**

It is province of juror to weigh by his own processes testimony of witnesses and to appraise in his own way their credibility.

**7. Trial ⨀304—It is improper for juror, during examination of witness, to give audible voice to conclusion that witness is lying.**

It is highly improper for juror, during examination of witness, to give audible voice to his conclusion that witness is not telling truth.

**8. New trial ⨀44(2)—Juror's exclamation indicating conclusion that witness was lying held not to warrant disturbing of verdict, where fellow jurors were not influenced.**

Action of juror during examination of witness, in indicating, by statement in audible tone, conclusion that witness was not telling truth, *held* not to warrant trial court in disturbing ultimate verdict, where fellow jurors did not hear his exclamation and were not influenced by it.

**9. New trial ⨀55—Plaintiffs waived right to complain of juror's exclamation during examination of witness by failing to make objection until after verdict was returned.**

Plaintiffs in death action *held* to have waived right to complain of juror's exclamation during examination of witness, indicating conclusion that he thought witness was lying by failing to make objection until after trial was concluded and verdict returned.

**10. New trial ⨀140(1)—Parties seeking new trial because juror was under indictment must prove that they knew nothing of pendency of indictment till after verdict (Rev. St. 1925, art. 2133, § 7).**

In order to secure new trial because juror was under indictment for felony, contrary to Rev. St. 1925, art. 2133, § 7, it is necessary for moving parties to prove as well as allege that they knew nothing of pendency of indictment till after jury's verdict was returned.

**11. New trial ⨀42(1)—That juror in civil case is under indictment for felony does not of itself require setting aside of verdict (Rev. St. 1925, art. 2133, § 7).**

Mere fact that member of jury in civil case is under indictment for felony does not of itself require that verdict of jury be set aside, though pendency of such indictment disqualifies juror, under Rev. St. 1925, art. 2133, § 7.

**12. New trial ⨀55—Party knowing that juror is under indictment for felony waives objection by failing to make it till after verdict (Rev. St. 1925, art. 2133, § 7).**

Where party knows that juror is under indictment for felony within Rev. St. 1925, art. 2133, § 7, he waives objection by failing to make it until after verdict, since such objection must be "seasonably" made.

**13. New trial ⨀44(1)—Disposition of contentions as to misconduct of jury during deliberations is primarily within discretion of trial judge.**

Disposition of contentions relative to misconduct of jury during deliberations is primarily

---

and peculiarly within discretion of trial judge who saw and heard jurors testifying at hearing.

**14. Appeal and error ⬤➪1068(5)—In death action, in which jury found brakes of defendants' automobile defective, refusal to instruct that law violation in operating motor vehicle is negligence per se, if error, held harmless, in view of findings on proximate cause.**

In action for death of pedestrian struck by automobile in which jury found that defendants' brakes were defective, refusal of instruction that violation of law in operating motor vehicles resulting in injury is negligence per se, if error, *held* harmless, where jury found defective brakes were not proximate cause of accident, and that accident was proximately caused by contributory negligence of decedent.

**15. Trial ⬤➪252(8) — In action for death of pedestrian struck by automobile which she saw approaching, charge that one entering highway is presumed to have stopped, looked, and listened held properly refused as inapplicable.**

In action for death of pedestrian struck by automobile on highway, charge that person entering highway is presumed to have stopped, looked, and listened for approaching automobiles *held* properly refused as inapplicable to facts, where undisputed evidence showed that deceased saw car approaching, moved out of its path, and then, becoming confused, stepped back into its path.

**16. New trial ⬤➪102(1)—New trial for newly discovered evidence held properly refused, in absence of showing of diligence to discover it before trial.**

Motion for new trial on ground of newly discovered evidence *held* properly overruled, where moving parties showed no diligence in discovering before trial that such testimony was available to them.

**17. New trial ⬤➪105—In death action, new trial will not be granted for newly discovered evidence to contradict testimony of defendants' chauffeur.**

In action for death of pedestrian struck by automobile on highway, new trial will not be granted for newly discovered evidence proffered for purpose of contradicting testimony of defendants' chauffeur as to speed of car.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Simon L. De Leon and another against O. L. Longoria and wife. Judgment for defendants, and plaintiffs appeal. Affirmed.

Pope, Pope & Pope and M. J. Raymond, all of Laredo, for appellants.

Mann, Neel & Mann, of Laredo, and J. D. Dodson, of San Antonio, for appellees.

SMITH, J. On Easter Sunday, 1926, Maria B. De Leon and her husband and minor son, accompanied by a driver, set out in an automobile upon a journey from Laredo to San Antonio. When they reached a point about 20 miles from Laredo they stopped their car, on the extreme east side of the road, and Mrs. Leon left the car, crossed the paved highway, and stopped in a ditch beyond, in response to a call of nature. Shortly afterwards she emerged from the ditch and approached the highway, along which motorcars were quite frequently passing. A car was approaching, followed within a short distance by another, which was owned by O. L. Longoria and wife, and occupied by Mrs. Longoria and some friends, and driven by her chauffeur. Mrs. Leon waited by the roadside until the first car passed, and started across the highway. She had gotten nearly across, it seems, when she realized the Longoria car was close at hand. Had she continued on her way, or if she had stopped at that juncture, she would have been in the clear. But, in her excitement and confusion, she hesitated, turned back west, and came immediately in the path of the on-coming car, which struck her, crushing the life out of her. Her husband, in his own behalf and as next friend of their minor son, brought this suit against Mrs. Longoria and her husband for damages resulting from the death of the wife and mother. In response to jury findings, the trial court rendered judgment denying recovery to the Leons, plaintiffs below, and they have appealed.

The jury returned a verdict upon special issues, and within two days thereafter appellees filed a motion for judgment in their behalf. Within that time also appellants filed a motion for judgment in their behalf, or, in the alternative, to set aside the verdict and declare a mistrial, and for a new trial. The trial court overruled appellants' and granted appellees' motion, and rendered judgment against the former and in favor of the latter. Appellants did not give notice of appeal from the order overruling its said motion. Within two days after entry of judgment, but more than two days after the verdict was returned, appellants filed a second motion for new trial upon the whole case, which was overruled. To the order thereon, appellant excepted, and gave notice of appeal.

[1] Appellees contend that, because appellants did not seasonably give notice of appeal from the first order overruling their motion for judgment, or for mistrial and new trial, this court has acquired no jurisdiction; that notice of appeal from the second order, overruling appellants' second motion for new trial, was not sufficient to give this court jurisdiction; that the law does not contemplate a second motion for new trial, and the right of appeal springs from the first motion only. We overrule this contention. Appellants had the right to file the first motion, and some courts hold that they were required to file an intermediate motion for judgment and to set aside the verdict in or-

der to entitle them on appeal to complain of that verdict. Until that motion was acted upon, appellants could not know the nature and terms of the judgment to be rendered upon the verdict, and were within their rights in withholding motion for new trial upon the whole case until that judgment was rendered. When they filed that motion within two days after rendition of judgment, they were acting within the law, and, when they gave notice of appeal within two days of the overruling of that motion, they preserved their right of appeal.

[2] The jury found in response to one group of special issues that at the time of the collision appellees' car was not being driven at a rate of speed in excess of 35 miles an hour; that appellees' chauffeur was a competent and skillful one; that, after discovering the position of the decedent upon the highway, appellees could not have avoided the collision by the use of ordinary care and the means at their command; that appellees were not guilty of gross negligence, or liable for exemplary damages. These findings, if standing alone, would have required a judgment exonerating appellees from liability as a matter of course.

The jury also found in a second group of findings that at the time of the accident appellees' car was not provided with "adequate brakes, kept in good working order," but the adverse effect of this finding upon appellees' liability was neutralized by the further finding that the death of the decedent was not proximately caused by the defective condition of the brakes, wherefore this element of negligence was eliminated from the case, and the findings in the first and second groups of issues, if standing alone, would have required a judgment for appellees.

In a third group of issues, the jury found that the decedent failed "to exercise, for her own safety, at the time and place of the accident alleged in plaintiffs' petition, such care as an ordinarily prudent person would have exercised under the same or similar circumstances which surrounded her at the time of the accident," and that such failure on the part of the decedent was the proximate cause of her injuries. Thus the findings on the first, second, and third groups of issues, considered together, and if standing alone, required the rendition of judgment in favor of appellees.

[3] There remains but one other issue upon the matter of liability which was submitted to and answered by the jury, which was, "Do you believe from the evidence that defendants, by the use of ordinary care in traveling upon the highway, could have avoided colliding with deceased?" The jury answered "Yes" to this issue. The issue of whether or not the negligence so found was the proximate cause of the accident was not submitted to or found upon by the jury, nor did either party request the submission of that issue. So the first finding, in the absence of the second, afforded no basis for a judgment against appellees.

[4] In their second proposition of law, appellants contend that the findings of the jury are "so conflicting and contradictory to each other that an intelligent judgment could not be based thereon." We have set out and analyzed the effect of each of those findings, and conclude that they do not present such conflict as appellants claim. They say the conflict arises from the findings that appellees' car was equipped with defective brakes, and that by the use of ordinary care in traveling upon the highway appellees could have avoided the accident; that those findings are in conflict with the remaining findings. But, when the jury found that the accident was not proximately caused by the defective brakes on the car, the effect of the finding of defective brakes was destroyed, and it was rendered impotent as an element of conflict. So much may be said also of the finding that, by the use of ordinary care in driving upon the highway, appellees could have avoided the collision. If the jury had gone further and found that the negligence was the proximate cause of the accident, a different question might have been presented, although the finding of contributory negligence might still have controlled; it is not necessary to decide the effect of this hypothesis, however, for the jury did not find upon proximate cause as related to the issue, and the barren finding upon that issue, and the neutralized finding upon the issue of defective brakes, could not operate to create a conflict with effective findings upon other issues. We overrule appellants' second proposition.

[5] The evidence in the case was such as to require the submission to the jury of each of the issues mentioned. There was sufficient testimony to support the jury's findings on those issues, and therefore this court is without authority to disturb those findings. This conclusion requires the overruling of appellants' first proposition.

[6-9] Appellants assert in their third proposition that, during the examination of the very first witness testifying in the case, one of the jurors, Henry Crumpler, asked, in an audible tone, "Why the hell doesn't he (meaning the witness) tell the truth; why does he wish to lie?" Appellants claim that this conduct upon the part of the juror showed that he went into the trial with a preconceived prejudice against appellants, and that on that account the court, upon motion made at the conclusion of the trial, should have set aside the verdict and declared a mistrial. Upon the hearing of the motion, Crumpler testified at some length, explaining his interpretation of the witness' testimony, and giving his reason for his impatient exclamation; he concluded that the statement of the witness, which called forth this exclamation, was so inconsistent with other statements of the witness as to show that the witness

could not possibly be telling the truth, wherefore the exclamation. It is not shown that other jurors heard the exclamation, or were influenced by it. It was the province of the juror to weigh, by his own processes, the testimony of the witness, and to appraise in his own way, the credibility of the witness, and, if he concluded from the conduct, manner, and words of the witness that the latter was not testifying truthfully, he was but exercising his prerogative as a juror; whether justly or unjustly was a matter for his own judgment and conscience, and not for an appellate court to determine. Of course, however, it was highly improper for him to give audible voice to his conclusion, at that time and place, but, if his fellow jurors did not hear his exclamation, or were not influenced by it, the incident did not warrant the trial court in disturbing the ultimate verdict of the jury. Besides, it appears that appellants were aware of the incident at the time it occurred, but made no objection until after the trial was concluded, and the verdict returned. Thus they waived the right to complain. Blanton v. Mayes, 72 Tex. 417, 10 S.. W. 452.

[10] The same juror, Crumpler, is the subject of appellants' eleventh proposition, in which it is contended that the court should have granted a new trial because Crumpler was under indictment for a felony at the time of the trial of this case. This juror was "picked up" after the regular panel was exhausted, and appellants assert, with obvious reason, that in this way they had no opportunity to investigate the juror or ascertain this or any other fact about him. If appellants or their counsel knew at the time of his voir dire examination, that the juror was under indictment for a felony, as the record discloses he was, they could not develop the fact through him, since they were prohibited by statute from asking him questions which would elicit that fact. Article 2145, R. S. 1925. The juror was a resident of Laredo, as were appellants and their counsel, and the latter were personally acquainted with him. The juror testified that shortly following his indictment he met one of appellants' counsel, when the latter proffered help to him, and the juror understood the proffer was with reference to the indictment. This testimony does not appear to have been contradicted, and the inference from the whole record is that appellants knew of the pendency of the indictment against the juror. No one testified on the point upon the hearing of the motion for new trial, when this objection to the juror was first raised. It is true that it was alleged in the motion that appellants and their counsel knew nothing of the pendency of the indictment until after the jury's verdict was returned. But this is not sufficient; it was necessary to prove the allegation in order to render it operative.

The law is that—

4 S.W.(2d)—15

"No man shall be qualified to serve as a juror who does not possess the following qualifications: * * * He must not be under indictment or other legal accusation of theft or of any felony." Section 7, art. 2133.

[11, 12] Although contrary to the rule in criminal cases (Amaya v. State, 87 Tex. Cr. R. 160, 220 S. W. 98), the mere fact that a member of a jury in a civil case is under indictment for a felony does not of itself require that the verdict of that jury be set aside. The pendency of such indictment disqualifies a juror, just as the fact that he is not a freeholder or householder disqualifies him, and either party may object to a juror laboring under either disability. If the objection is raised at the appropriate time, the trial court must sustain it and excuse the juror. But the objection must be seasonably made, and, if not, will be considered as waived. So must the parties exercise diligence to ascertain if the jurors on the panel are subject to disqualification, which may be done on their voir dire examination in the case of nonfreeholders or nonhouseholders, but by other means if any of them are under accusation of felony. If a party seeks to set aside a verdict upon the ground that one of the jurors was under such accusation, he must show by allegation in the motion, and by evidence upon the hearing, that the ground of the objection to the juror was unknown to the complainant at the time of the selection of the jury, and that he had exercised due diligence to ascertain the status of the juror in that respect. In this case, because the juror was "picked up" off the street at the time, and appellants had no opportunity to make investigation, appellants met the requirement of diligence. But, in addition to the total absence of any evidence that appellants knew nothing of the indictment pending against the objectionable juror, the record warrants the inference that appellants or their counsel had previous knowledge thereof. It is obvious, then, that by not seasonably raising the objection to the juror at a time when the trial court could and would have excused him, and allowed the parties to agree upon another, appellants waived their objection, and must be content with his participation in the deliberations and findings of his fellows. Any other rule would permit litigants to speculate upon the disqualification of jurors, to the prejudice of orderly procedure in the trial and disposition of causes. These conclusions are supported by the decisions, and particularly of this court in the opinion of Chief Justice Fly, in the case of Sinsheimer v. Weil Co., 61 Tex. Civ. App. 209, 129 S. W. 187.

[13] Appellants' twelfth, thirteenth, fourteenth, seventeenth, eighteenth, nineteenth, twenty-first, twenty-second, and twenty-third propositions relate to the alleged misconduct of the jury during their deliberations. We

have very carefully considered these propositions and the contentions of appellants arising from them. We have concluded that neither of those propositions presents reversible error, but we are not disposed to prolong this opinion by a discussion of them in detail. The disposition of such matters was primarily and peculiarly within the discretion of the trial judge. He presided over the trial; he heard the evidence presented in support of the motion for new trial concerning the conduct of the jury; he saw and heard the jurors who testified at the hearing; and these facts, in connection with his long and honorable service on the bench, his learning ability, and fairness, peculiarly fitted him to pass upon the matters raised. Nothing is presented which could indicate that he has abused his wide discretion in such matters, and this court declines to overrule his decision concerning them. In nearly every jury case which has lately reached this court attacks are made upon the judgment appealed from, because of alleged misconduct of the jury. Such assaults, if improvidently yielded to, will go far towards breaking down the integrity and efficiency of our jury system. The tendency should be discouraged, and the determination of such matters left more and more to the trial judges, who are in the best position to pass upon those matters. Appellate courts should look coldly upon efforts to discredit the conduct of jurors in their deliberations, and with suspicion upon jurors who seek to befoul their own nests, who stultify themselves and endeavor to discredit their fellows. We think the trial judge in this case wisely and properly disposed of the attacks upon the conduct of the jury, and we overrule the propositions through which those attacks are raised.

[14] Appellants requested the court to instruct the jury that "the violation of law in the operation of motor vehicles resulting in injury to another is negligence per se." The court overruled the request, and appellants complain of this ruling in their fourth proposition. It is contended in the argument under this proposition that the requested charge should have been given, in view of the finding of the jury that appellees' car was equipped with defective brakes, in violation of the statute. Without determining the propriety of the charge as a general proposition, its refusal was rendered immaterial and harmless in the particular instance by the affirmative finding of the jury that the defective condition of the brakes was not the proximate cause of the accident, especially when coupled with the further finding that the accident was proximately caused by the contributory negligence of the decedent. The fourth proposition is overruled.

[15] Appellants requested, and the court refused to give, a special charge that:

"The presumption at law is that a person who enters upon a highway has stopped, looked, and listened for approaching automobiles, and this presumption continues unless rebutted by the evidence."

Of the refusal of this charge, appellants complain in their fifth proposition, which is overruled. The question of whether or not decedent stopped, looked, and listened is not in the case, for the undisputed evidence is that she saw the car approaching, moved hurriedly out of its path, and then, in obvious confusion and excitement, stepped back into its path, and was then struck. The charge was properly refused, as not being applicable to the facts of the case. Nor was appellants' requested charge No. 6 applicable, for which we overrule their sixth proposition. For a like reason appellants' seventh proposition is overruled. The eighth is overruled because the charge therein mentioned was inapplicable, and in any event its refusal was harmless to appellants. The jury having found against discovered peril that appellees' car was being operated within the rate of speed fixed by statute, and that the accident proximately resulted from decedent's negligence, a possible finding of the jury that appellees' car was "being operated at such rate of speed as might endanger the life or limb of deceased" would not have affected the judgment rendered. There is no merit in appellants' ninth proposition, which is overruled, nor in the tenth, nor in the sixteenth, nor in the twentieth, which are also overruled.

[16, 17] The witness T. A. Bunn testified in behalf of appellants upon the trial of the case. His whole testimony related to statements made to him, after the accident, by the driver of appellees' car. Among other things, he testified that the driver stated to him that, after he saw that the decedent "did not get out of the way, he was running so fast he could not stop, and hit the woman, and that it was not his fault, because Mrs. Longoria (one of the appellees) wanted him to drive fast." The driver in question testified upon the trial that the death car was running at a rate of not more than 25 miles an hour when it collided with decedent. In their motion for new trial, appellants alleged that since the trial they had ascertained that the witness Bunn would testify further, if put on the stand, that the driver of appellees' car told him, in the conversation about which Bunn testified on the main trial, that appellees' car was being driven at the rate of 60 or 65 miles an hour at the time of the accident. Appellants set this up as newly discovered evidence of such importance as to warrant the granting of a new trial. The court overruled the motion, and appellants complain thereat in their fifteenth proposition, which must be overruled, upon the ground that appellants showed no diligence in discovering that such testimony was available to them. He was their witness; his

whole testimony related to the conversation in which the alleged statement of the chauffeur was made to him; he was asked no question which would have elicited the statement he now agrees to make, which fact alone warranted the court in overruling the motion. Moore v. Lehmann (Tex. Civ. App.) 165 S. W. 83; Moores v. Wills, 69 Tex. 109, 5 S. W. 677. Moreover, the newly discovered evidence is proffered for the purpose of contradicting the testimony of the chauffeur, and a new trial will not be granted for such purpose. Houston & T. C. Ry. v. Forsyth, 49 Tex. 171; Houston & T. C. Ry. v. Davenport, 102 Tex. 369, 117 S. W. 790.

In our opinion, no reversible error has been presented, and the judgment is therefore affirmed.