Robert **WILKERSON**, Appellant,

v.

**DARRAGH & LYDA, INC.**, et al., Appellees.

No. 14499.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 26, 1966.

Rehearing Denied Nov. 23, 1966.

Rice, Whitehead & Seely, San Antonio, for appellant.

House, Mercer, House & Brock, Beckmann, Stanard, Wood & Vance, Seagal V. Wheatley, Groce, Hebdon, Fahey & Smith, Edward E. DeWees, Jr., Haight, DeWees & Holland, San Antonio, for appellees.

BARROW, Justice.

Appellant, Robert Wilkerson, complains of a take-nothing judgment rendered on a jury verdict in his suit to recover damages against appellees, Darragh & Lyda, Inc., and four other parties, for personal injuries sustained in an accident on a construction site. The only question on this appeal is whether the trial court's failure to poll the jury in the manner prescribed by Rule 294, Texas Rules of Civil Procedure,[1] presents reversible error.

Appellant's bill of exception, duly approved by the trial court in accordance with Rule 372, T.R.C.P., sets forth the following proceedings which occurred after the jury returned its verdict into court but before it was received and ordered filed by the court:

"THE COURT: * * * Members of the jury panel, are the answers to each of the questions, as read by the Court the answers of each of you?

MR. RICE: Judge, I would like to have them polled individually.

THE COURT: I will poll them individually. I asked them first. As I originally stated, I will ask the jury whether or not those answers, as read, were the answers of each of them, and that is what the Court is doing now, counsel. Members of the jury panel, are the answers as read by the court the answers of each of you to the questions

1. "Rule 294. Polling the Jury
Either party shall have the right to have the jury polled. When a jury is polled, this is done by reading once to the jury collectively the general verdict, or the special issues and answers thereto consecutively, and then calling the name of each juror separately and asking him if it is his verdict. If any juror answer in the negative, the jury shall be retired for further deliberation."

which you have answered in this cause (the jury panel responded to the Court's inquiry)? Let the record show that the jurors each said or nodded an affirmance of their head that it was their answers.

Now I poll the jury on question No. 45: 'Do you find from a preponderance of the evidence that on the occasion in question Robert Wilkerson failed to keep such a lookout for his own safety as a person of ordinary prudence, in the exercise of ordinary care, would have kept under the same or similar circumstances?' Answer 'yes.'

Lady and Gentlemen of the jury, is that the answer of each of you to that question which the court asked of you (the jury panel responded to the Court's inquiry)? Let the record show that they each answered affirmatively.

No. 46:

'Do you find from a preponderance of the evidence that such failure, if any, was a proximate cause of his injuries, if any?' Answer 'Yes'.

Members of the jury, is the answer 'yes' the answer of each of you to that question? (Affirmative answers.) That is the answer of each of you (the jury panel responded to the Court's inquiry)? Let the record show that they each affirmatively answered 'yes'.

Do any of you gentlemen—

MR. RICE: We take exception to the polling of the jury by the court.

THE COURT: Do you wish the members of the jury polled individually?

MR. RICE: That is what I requested the court to do.

THE COURT: You said poll the jury. The usual and customary way to poll the jury is to read the answer. There was no prior request made that each juror

be polled individually, and if you have so requested the court will do it.

MR. RICE: I have already made my request and I have my exception. That is all right with me.

THE COURT: Do you request the court to poll each juror individually?

MR. RICE: I have already made my request, if the court please.

THE COURT: The court has done it in the usual and customary manner.

MR. RICE: Just note my exception."

■ It is seen that the jury was not polled in the manner prescribed by Rule 294, supra, in that each juror was not interrogated individually. However, before this error may be made the basis of reversing the trial court's judgment, we must be satisfied that the error complained of "was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, * * *." Rule 434, T.R.C.P.; Dennis v. Hulse, 362 S.W.2d 308 (Tex.1962); Walker v. Texas Employers Ins. Ass'n., 155 Tex. 617, 291 S.W.2d 298 (1956).

■ We cannot say from an examination of this record that the error in not calling the name of each juror separately and asking him if it is his verdict, was harmful under this test. It is seen that each juror in open court, on three separate occasions, acknowledged to the trial court that the answers in the verdict were his answers. The purpose of the poll is to test the unanimity of the jury verdict, and to ascertain with certainty that each juror concurs in the verdict as announced and assents thereto at the time of the polling. See State v. Finch, Tex.Civ.App., 349 S.W.2d 780, no hist.; Wheeler v. Oxford, Tex.Civ.App., 321 S.W.2d 188, no hist.; Chance v. Scarbrough, Tex.Civ.App., 303 S.W.2d 832, wr. ref. n. r. e.

The uncontradicted record shows that each juror in open court concurred with the verdict. The trial court's failure to interrogate each individually was not such a failure as to deny appellant his constitutional right of trial by jury. Cf. Tamburello v. Welch, 392 S.W.2d 114 (Tex. 1965). Nor can it be said that the manner in which the court ascertained that each juror concurred in the verdict was so highly prejudicial as to deprive appellant of a fair trial. Cf. Texas Emp. Ins. Ass'n. v. McCaslin, 159 Tex. 273, 317 S.W.2d 916 (1958). We conclude that the purpose of the poll was substantially accomplished and reversible error is not shown by the court's failure to interrogate each juror individually.

In any event appellant waived his right to complain of this error by his reply to the court's offer to poll the jurors individually. Appellant requested at the outset that the jurors be polled individually, and the rule specifically prescribes this manner of taking a poll; however, the record reflects that the court apparently did not understand the original request and proceeded to poll the jurors in "his usual and customary manner." The record clearly shows the court's willingness to supplement this poll by a poll of the jurors individually, but appellant advised that he preferred his exception. This violated the guiding purpose of the rules of civil procedure as set forth in Rule 1.

In Lewis v. Texas Emp. Ins. Ass'n., 151 Tex. 95, 246 S.W.2d 599 (1952), the Supreme Court said: "Ordinarily a procedural error must be preserved by timely action by the party complaining. This is true because a trial judge can usually correct his procedural errors if they are brought to his attention. * * * The policy underlying our rules is that for most procedural errors to be considered on appeal the defendant must by timely objection give the trial judge a chance to correct his errors." See also State v.

Wilemon, 393 S.W.2d 816 (Tex.1965); Thomasson v. Davis, Tex.Civ.App., 74 S.W.2d 557, error dismissed.

The judgment is affirmed.

CADENA, Justice (concurring).

I would affirm the judgment of the trial court solely on the ground that appellant waived his right to complain of the improper manner in which the jury was polled.