PALMER WELL SERVICES, INC. and Paul R. Quinonez, Petitioner,

v.

MACK TRUCKS, INC. Respondent.

No. C–8356.

Supreme Court of Texas.

July 12, 1989.

Rehearing Denied Oct. 11, 1989.

Randall L. Rouse, Odessa, for petitioner.

Gail Kuhne, Brad Crawford, Lubbock, for respondent.

PER CURIAM.

Conflict with Rule 292 of the Rules of Civil Procedure and Section 62.102 of the Government Code, regarding the qualifications of jurors and the requisites of verdicts, prompts this court's examination of this case.

Suit was filed to recover for personal injuries suffered by petitioner, Paul Quino-

nez, as a result of an explosion and fire of a hot oil treatment unit and truck. Quinonez was employed by petitioner Palmer Well Services, Inc. (Petitioners will be referred to collectively as "Palmer"). The trial was to jury which rendered a 10—2, take-nothing verdict against the plaintiffs. Palmer filed a motion for new trial alleging the discovery, after the verdict, of a felony indictment pending against one juror. The trial court overruled the motion for new trial.

The court of appeals held that the juror should have been excluded from the panel because of the pending felony indictment and that due diligence was not lacking in failing to discover that fact earlier. However, the court of appeals held that Palmer was required to demonstrate that the unqualified juror's presence on the jury was a material factor which was reasonably calculated to, and probably did, cause the rendition of an improper judgment. The court of appeals held that Palmer failed to establish the requisite material injury[1] needed to sustain this burden and affirmed the trial court. For the reasons expressed, the court of appeals' judgment is reversed and this cause is remanded for new trial.

The only facts pertinent to this appeal regard one of the jurors, Mr. Ira Anderson. Anderson was one of the majority of 10 jurors that rendered the take-nothing verdict. During voir dire, the trial judge queried the panel as to their qualifications to serve. Conflicting evidence exists re-

garding whether Anderson had gone to the restroom, or remained silent when the panel was asked about pending indictments or legal accusations for a misdemeanor or felony.

Palmer contends that the verdict was not rendered by the requisite number of qualified jurors. In all but one instance[2], where the jury is originally composed of twelve jurors, a minimum of ten members of the original jury must concur in the verdict. Tex.R.Civ.P. 292. All individuals are competent to serve as petit jurors unless disqualified by statute. Tex.Gov't Code Ann. § 62.101 (Vernon 1988). The general qualifications permitting jury service are set forth by statute in Texas Government Code § 62.102. That statute disqualifies a person to serve as a petit juror if he is "under indictment or other legal accusation of misdemeanor or felony theft, or any other felony." Id. § 62.102(8).

Respondent, Mack Trucks Inc. (Mack Trucks) concedes that Anderson was under indictment for a felony and does not argue that Palmer lacked due diligence in failing to discover that fact. Mack Trucks argues, however, that Palmer was in no way prejudiced or injured by the inclusion of Anderson on the jury. Relying on *De Leon v. Longoria*, 4 S.W.2d 222 (Tex.Civ.App.— San Antonio 1928, writ dism'd), and *Mendoza v. Varon*, 563 S.W.2d 646, 648 (Tex.Civ. App.—Dallas 1978, writ ref'd. n.r.e.), Mack Trucks asserts that showing the absence of

1. Tex.R.Civ.P. 327(a) provides that when a motion for new trial is sought on the ground that a juror gave an erroneous or incorrect answer on voir dire examination, the court may grant a new trial if such erroneous or incorrect answer "be material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party." Tex.R.Civ.P. 327(a). Also pertinent is Tex.R.App.P. 81(b)(1) which provides in part:

No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause, and probably did

cause, rendition of an improper judgment in the case....

2. Tex.R.Civ.P. 292 provides:

A verdict may be rendered in any cause by the concurrence, as to each and all answers made, of the same ten members of an original jury of twelve, or of the same five members of an original of six. However, where as many as three jurors die or be disabled from sitting and there are only nine of the jurors remaining of an original jury of twelve, those remaining may render and return a verdict. If less than the original twelve or six jurors render a verdict, the verdict must be signed by each juror concurring therein.

Thus, only in the event that *three* jurors die or become disqualified to hear a case may nine jurors render a verdict.

a qualification or establishing a ground for disqualification of a juror does not render a jury verdict invalid nor require the jury verdict to be set aside. The cases of *De Leon* and *Mendoza*, however, are factually distinguishable from the instant case. In *De Leon*, although the pending felony indictment and due diligence were stipulated by the parties, a sufficient number of jurors remained that could have rendered a binding verdict. *See De Leon*, 4 S.W.2d 222, 224–225. In *Mendoza*, the parties discovered the pending felony indictment during the course of the trial and agreed to allow that juror to remain empanelled and participate in the verdict. *See Mendoza*, 563 S.W.2d at 648. Because of the agreement to continue, the parties waived their right to complain of the disqualification of the juror. *Id.*

Palmer's plight with regard to the claim that Anderson was disqualified as a juror is distinct from either *De Leon* or *Mendoza*. First, the discovery of the pending felony indictment was not made until after the verdict was rendered. Second, the failure to discover the pending felony indictment was not due to Palmer's lack of diligence. Finally, if the rules and statutes governing the qualifications of jurors and the requisites of verdicts are to have any effect, litigants similarly situated to Palmer must be held to have suffered material injury as a matter of law. Therefore, because this is not an instance in which a verdict could have been rendered by less than ten jurors, as a matter of law Palmer was materially injured by the rendition of an unfavorable verdict by less than the requisite number of qualified jurors.

For the foregoing reasons, a majority of this court grants the application for writ of error, and without hearing oral argument[3], reverses the judgment of the court of appeals and remands this case to the trial court for new trial.