NUMBER 13-99-168-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


C. H. HAROLD, MICHAEL & JERRY

SMITH ELECTRIC, INC. AND

KATHRYN NICHOLSON BEST
, Appellants,


v.



CITY OF PORT LAVACA
, Appellee.

___________________________________________________________________


On appeal from the 267th District Court


of Calhoun County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden, and Justices Chavez and

Rodriguez 

Opinion by Justice Rodriguez



 

 Appellants C.H. Harold, Michael & Jerry Smith Electric, Inc., and
Kathryn Nicholson Best appeal an order granting summary judgment
in favor of the City of Port Lavaca (City). By one point of error,
appellants generally appeal the order granting summary judgment. We
affirm.

 In 1988, at the request of a local civic organization, the City
planted several trees along Main Street in order to beautify the
downtown business district. The trees were planted along the sidewalk
adjacent to appellants' buildings. In 1996, appellants became aware
that the trees had caused structural damage to their respective
buildings and filed suit against the City on August 29, 1997. The City
filed a motion for summary judgment based on limitations and
governmental immunity. The trial court granted the City's motion, but
did not specify the grounds upon which the motion was granted. 

 In appellants' sole point of error, they argue that the City did not
establish all elements of their affirmative defenses as a matter of law. 
Appellants contend the City failed to establish governmental immunity
under the Texas Transportation Code. They further maintain that the
City did not prove immunity because it did not make findings regarding
the improvements as required by the transportation code. We disagree. 

 Granting a defendant's motion for summary judgment is proper
when the evidence (1) establishes that there is no genuine issue of
material fact concerning any essential element of a plaintiff's cause of
action, see Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex.
1970); or (2) proves all of the essential elements of an affirmative
defense as a matter of law. See Montgomery v. Kennedy, 669 S.W.2d
309, 310-311 (Tex. 1984) (citing City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678 (Tex. 1979)). 

 In reviewing an order granting summary judgment, we take as
true all evidence favorable to the non-movant and indulge every
reasonable inference in the non-movant's favor. See Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 549 (Tex. 1985). When
the trial court does not specify the grounds upon which it granted
summary judgment, the appealing party must show it is error to base
summary judgment on any ground asserted in the motion. See Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995). This Court
must affirm the summary judgment if any one of the movant's theories
or affirmative defenses has merit. See id. 

 Governmental units are generally immune from tort liability except
where that immunity has been specifically waived by the legislature. 
Dallas County Mental Health and Retardation v. Bossley, 968 S.W.2d
339, 341 (Tex. 1998). Section 101.021 of the civil practice and
remedies code states that a governmental unit of the state, performing
a government function, is liable for property damage caused by one of
its employees acting within the scope of employment only if (1) the
property damage arises from the operation or use of a motor vehicle or
motor-driven equipment; (2) the employee would be personally liable to
the claimant pursuant to Texas law; and (3) the governmental unit
would be liable to the claimant under Texas law if the unit were a
private entity. Tex. Civ. Prac. Rem. Code Ann. § 101.021 (Vernon 1985). 
As set forth in section 316.008(3) of the Texas Transportation Code,
planting trees is a government function performed by city employees
within scope of their employment. See Tex. Trans. Code Ann. § 316.008
(Vernon 1995).

 In this case, the City performed a governmental function when it
planted the trees on Main Street adjacent to appellants' buildings
pursuant to section 316.008 of the transportation code. See Tex. Trans.
Code Ann. § 316.008 (Vernon 1995). Furthermore, the City did not
waive immunity from liability under section 101.021 of the civil practice
and remedies code. See Tex. Civ. Prac. Rem. Code Ann. § 101.021
(Vernon 1985). Therefore, we conclude that the City is immune from
liability as a matter of law. 

 Appellants argue the City should be exposed to liability for two
reasons. First, they contend the City failed to comply with section
316.002(b)(1) of the Texas Transportation Code. That section states
that a governing body may only grant permission to use property for
improvements (such as trees) to a person who owns the underlying fee
title to the real property. See Tex. Trans. Code Ann. § 316.002(b)(1)
(Vernon 1995). 

 Appellants misinterpret section 316.002(b)(1). This section
applies only if a municipality delegates the implementation of an
improvement to a third party. See id. In this case, the City did not
delegate the planting of the trees to a third party; rather the City
completed the planting itself. Accordingly, section 316.002(b)(1) is
inapplicable here. 

 Appellants also contend the City is not insulated from liability
because it did not make the findings required by the transportation
code. See Tex. Trans. Code Ann.§ 316.003 (Vernon 1995)
(improvement described in section 316.002 may not be established
unless municipality finds improvement will not cause hazard or
inconvenience). However, because appellants did not present this issue
to the trial court, it may not be considered on appeal as grounds for
reversal of a summary judgment. Vela v. City of McAllen, 894 S.W.2d
836, 838 (Tex. App.­Corpus Christi 1995, no writ) (citing State Bd. of
Ins. v. Westland Film Indus., 705 S.W.2d 695, 696 (Tex. 1986)). 
Accordingly, appellants' sole point of error is overruled. 

 Because the trial court properly granted summary judgment on
one of the grounds in the City's motion for summary judgment, it is
unnecessary to address appellants' remaining contentions. See Carr v.
Brasher, 776 S.W.2d 576, 569 (Tex. 1989). 

 We conclude the City proved entitlement to government immunity
as a matter of law. The judgment of the trial court is AFFIRMED. 

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 20th day of July, 2000.