NUMBER 13-99-288-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


LEROY EVANS, ET AL.
, Appellants,


v.



CITY OF BISHOP, TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 347th District Court


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Rodriguez



 Appellants Leroy Evans, Artemio Alvarez, Jimmy Carmons, Crisilda
Carmons, Deena Dick, Tela Garcia, Jose Garcia, Jr., Luis Jimenez,
Gracie Casillas, Charles Casillas, and Joe Casillas, appeal an order
granting summary judgment in favor of the City of Bishop (the City). 
Appellants are homeowners who reside near a storm sewer maintained
by the City. In October 1997, the City experienced heavy rains and
flooding for several days. After sustaining property damage to their
homes as a result of this flooding, appellants sued the City under the
Texas Tort Claims Act, claiming the City's failure to properly maintain
the storm sewer caused the flooding that damaged appellants' property. 
The City moved for summary judgment on the basis of governmental
immunity and the trial court granted the City's motion. By four issues,
appellants generally contend that the court erred in granting summary
judgment on the basis of immunity. We affirm. 

 It is proper to grant a defendant's motion for summary judgment
when the evidence establishes (1) that there is no genuine issue of
material fact concerning any essential elements of a plaintiff's cause of
action, see Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex.
1970), or (2) all essential elements of an affirmative defense as a matter
of law. See Montgomery v. Kennedy, 669 S.W.2d 309, 310-311 (Tex.
1984) (citing City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678 (Tex. 1979)). In reviewing an order granting summary
judgment, we take as true all evidence favorable to the non-movant and
indulge every reasonable inference in the non-movant's favor. See
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 549 (Tex.
1985). 

 In their first and second issues, appellants contend the City was
not immune from suit for property damage and, therefore, the trial court
improperly granted the City's motion for summary judgment. We
disagree. 

 Governmental units are generally immune from tort liability except
where that immunity has been specifically waived by the legislature. 
See Dallas County Mental Health and Retardation v. Bossley, 968
S.W.2d 339, 341 (Tex. 1998). Section 101.021 of the Texas Civil
Practice and Remedies Code states that a governmental unit of the
state, performing a government function, is liable for property damage
caused by one of its employees acting within the scope of employment
only if (1) the property damage arises from the operation or use of a
motor vehicle or motor-driven equipment; (2) the employee would be
personally liable to the claimant pursuant to Texas law; and (3) the
governmental unit would be liable to the claimant under Texas law if
the unit were a private entity. Tex. Civ. Prac. & Rem. Code Ann. §
101.021 (Vernon 1997). 

 The City's maintenance of the storm sewer is a governmental
function. See Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(9) (Vernon
Supp. 2000) (operation and maintenance of storm sewer is
governmental function).(1) Because the City's alleged failure to properly
maintain the storm sewer, which thereby allegedly caused the flood
damage, did not arise from the use of a motor vehicle or motor-driven
equipment, appellants cannot avail themselves of the Texas Tort
Claims Act's waiver of immunity for property damage. See Tex. Civ.
Prac. & Rem. Code Ann. § 101.021 (Vernon 1997); City of Tyler v. Likes,
962 S.W.2d 489, 494 (Tex. 1997). Therefore, we conclude that the City
is immune from liability as a matter of law. See Tex. Civ. Prac. & Rem.
Code Ann. § 101.021 (Vernon 1997).

 Because we conclude the City is immune from suit, we need not
address appellants' remaining contentions. See Carr v. Brasher, 776
S.W.2d 576, 569 (Tex. 1989). 

 The judgment of the trial court is AFFIRMED. 

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed

this the 10th day of August, 2000.


 

1. Appellants suggest that the City's acts with respect to the storm
sewer were proprietary rather than governmental. There is no evidence
in the record to support this contention. Pursuant to section
101.0215(9), the City's maintenance of the storm sewer is clearly a
governmental function. See Tex. Civ. Prac. & Rem. Code Ann. §
101.0215(9) (Vernon Supp. 2000).