**Charles SUGGS, Individually and as Next Friend of Judy Kay Suggs, Appellant,**

v.

**Larry Alan FITCH, et al., Appellees.**

**No. 06–01–00033–CV.**

Court of Appeals of Texas, Texarkana.

Submitted Dec. 5, 2001.

Decided Dec. 21, 2001.

Troy A. Hornsby, Miller, James, Miller & Hornsby, LLP, Texarkana, for appellant.

Charlene R. Echols, Melinda S. Huff, DeHay & Elliston, LLP, Dallas, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

DONALD R. ROSS, Justice.

Charles Suggs, individually and as next friend of Judy Suggs, filed suit alleging negligence against various defendants for injuries sustained by Judy in an automobile accident. Some of the defendants settled, and Suggs proceeded to trial against the remaining defendants. At the conclusion of trial, the jury reached a ten-to-two verdict, assigning primary responsibility for the accident to Suggs. Based on the answers to the verdict questions, and after polling the jurors, the court rendered a take-nothing judgment against Suggs.

Suggs appeals, contending there was an irregularity in the polling results. The record shows only nine jurors were affirmatively polled by the court, although ten jurors had signed the verdict certificate. Because Suggs failed to object or otherwise raise this issue in the trial court, any error has been waived. We affirm the judgment.

The jury verdict reflected that ten of the jurors agreed the accident was caused by the negligence of Judy and one of the settling defendants, seventy-five percent and twenty-five percent, respectively. Each of the defendants at trial was assigned zero fault. The trial court polled the jury *sua sponte*. When the jury was brought back into the courtroom after deliberations, the following exchange took place:

THE COURT: ... Ladies and Gentlemen of the Jury, it is my understanding that you have reached a verdict.

THE PRESIDING JUROR: Yes, we have.

THE COURT: Was your verdict unanimous?

THE PRESIDING JUROR: No sir. It was not.

THE COURT: Did you secure signatures of at least 10 or more jurors on the appropriate line?

THE PRESIDING JUROR: Yes. We did.

THE COURT: If you would hand the charge to the bailiff, please.

(The judge then read the verdict questions and the answers given by the jury).

THE COURT: Ladies and Gentlemen, I see [the verdict certificate] is signed by 10 jurors and at this time I will poll the jury.

The judge polled nine members of the jury by name and in the exact order their

signatures appeared on the verdict certificate. The tenth name on the certificate was that of the presiding juror, Richard Irvin. The judge did not expressly poll Irvin. The court thanked the jurors for their service and dismissed them. The court then announced it had received the verdict and would so enter it on the record, and asked the parties if they had anything further. Each party responded in the negative.

Suggs contends the issue in this case is whether deprivation of a trial by jury and verdict by ten jurors represents fundamental error which implicates both the due process clause of the United States Constitution as well as the due course of law clause of the Texas Constitution. Suggs concedes there is no expressly recognized right to a jury trial in the civil context.

Suggs' jury trial was not affected either fundamentally or structurally in this case. The right to poll the jury pursuant to TEX.R. CIV. P. 294 is a waivable right and must be requested in order to be invoked. Suggs did not request a jury poll and thus waived the right. Further, the verdict in this case was rendered by ten members of the jury, each of whom signed the verdict certificate. Suggs received a trial by jury on his cause of action, and the verdict was rendered by the required ten jurors. *See* TEX.R. CIV. P. 292.

Suggs' complaint is that the court failed to follow the specific procedures of Rule 294 by polling only nine of the ten jurors who signed the verdict. *See* TEX.R. CIV. P. 294. None of the parties requested that the jury be polled. Because Rule 294 does not require the judge to poll the jury absent a request by a party, no error was committed. It is not error for the trial court to take independent action to ensure the soundness of the verdict. Suggs can-

not complain about the procedure used, because the procedural requirements of Rule 294 were never invoked.

■ The right to poll the jury must be requested by the complaining party to preserve any error for appeal. *See Greater Houston Transp. Co. v. Zrubeck*, 850 S.W.2d 579, 585 (Tex.App.-Corpus Christi 1993, writ denied) (holding error not preserved when appellant ceased to pursue a jury poll after explanation by judge). Because this issue involves a waivable right rather than a structural or systemic one, any complaint associated with the right is deemed waived unless the right is affirmatively invoked by the aggrieved party. *See In re C.O.S.*, 988 S.W.2d 760, 767 (Tex. 1999). Suggs waived the right to poll the jury by failing to invoke that right, and he cannot raise the issue for the first time on appeal.

■ Suggs contended at oral argument that, because the trial judge polled the jury *sua sponte*, there was no necessity to request a jury poll and therefore he did not waive his right to such a poll under Rule 294. However, even if the judge's action in polling the jury preserved the right for review, Suggs was still required to object to any error in the procedure. Such procedural errors are waived if the litigant does not affirmatively bring the error to the court's attention by objection or otherwise. Suggs failed to object to the fact that only nine jurors were polled. Therefore, nothing is preserved for our review.

■ Suggs further contends that, because only nine jurors were verbally polled by the court, there is a facial deficiency in the verdict causing fundamental error. He contends such error is not subject to the requirements of TEX.R.APP. P.

33.1(a)(1).[1] However, the purported violation is of a procedural rule, not of an absolute or systemic right. *See C.O.S.*, 988 S.W.2d at 767. Rule 294 provides that any party shall have the right to poll the jury. TEX.R. CIV. P. 294. The right to poll the jury is a creature of the rules of civil procedure and must be affirmatively requested in order to be invoked. *See Zrubeck*, 850 S.W.2d at 585. Such a right, if not invoked, will be deemed waived. *Id.* And even if invoked, any error involved in implementing such a right must be preserved for review. TEX.R.APP. P. 33.1(a)(1). An irregularity in polling the jury must be brought to the court's attention before the jury is discharged. *See Zrubeck*, 850 S.W.2d at 586 (discussing types of errors which must be raised before jury is discharged). This makes the court aware of the error and of the party's desire to have it corrected at a time when it is feasible to do so. *Id.*

In *Wilkerson v. Darragh & Lyda, Inc.*, 408 S.W.2d 542 (Tex.Civ.App.-San Antonio 1966, writ ref'd n.r.e.), the appellant requested that the jury be polled. The court polled the jurors as a group rather than individually. *Id.* at 545. On appeal, the court noted that any error in the polling procedure had been waived. *Id.* The appellant initially took exception to the group polling procedure, but declined the judge's offer to supplement the record by individually polling the jurors. *Id.*

Here, Suggs did not request that the jury be polled. The court nevertheless polled the jurors *sua sponte*. Suggs then failed to object or otherwise bring to the court's attention the fact that only nine jurors were polled. Since no complaint was made to the trial court by timely request, objection, or motion, nothing is preserved for our review. *See* TEX.R.APP. P. 33.1(a).

Even if it were shown that the trial court erred by incompletely polling the jury, and that the error had been preserved for appeal, in this case the error would be harmless. The judgment of the trial court may only be reversed if the error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting his or her case on appeal. TEX.R.APP. P. 44.1(a). Failure to separately and individually poll each juror is subject to harmless error analysis. *Wilkerson*, 408 S.W.2d at 545 (holding harmless trial court's polling of jury as a group, rather than individually).[2]

Suggs argues a party is materially injured by an unfavorable verdict rendered by less than the requisite number of jurors and that such error cannot be harmless, citing as authority *Dunlap v. Excel Corp.*, 30 S.W.3d 427, 433 (Tex.App.-Amarillo 2000, no pet.) (citing *Palmer Well Servs., Inc. v. Mack Trucks, Inc.*, 776 S.W.2d 575, 577 (Tex.1989); *Temple EasTex, Inc. v. Old Orchard Creek Partners, Ltd.*, 848 S.W.2d 724, 738–39 (Tex.App.-Dallas 1992, writ denied)).[3] These cases are distinguishable and do not support Suggs' argument.

---

1. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion. TEX.R.APP. P. 33.1(a)(1).

2. Note that the holding in *Wilkerson* can also be explained by the appellant's own actions at trial. When the trial judge offered to supplement the record by separately polling the ju-

rors, the appellant declined, thereby waiving any error. *Wilkerson v. Darragh & Lyda, Inc.*, 408 S.W.2d 542, 545 (Tex.Civ.App.-San Antonio 1966, writ ref'd n.r.e.).

3. Suggs does not cite the *Temple EasTex, Inc.* case or present an argument as to how the case applies.

In *Dunlap,* one party was allowed an additional peremptory strike after the twelve-member jury panel had already been selected and the names disclosed to the parties. *Dunlap,* 30 S.W.3d at 430. The new venireperson not on the original panel then participated as one of the concurring jurors in a ten-to-two verdict. *Id.* at 431. Permitting the extra strike was held to be erroneous. *Id.* at 433. Because the verdict was impermissibly rendered by only nine members of the original jury panel, the case was remanded for a new trial. *Id.* at 435. The appellant had preserved the error by timely objection. *Id.* at 433.

In *Palmer Well Services,* the jury concurred ten-to-two in a verdict that resulted in a take-nothing judgment, but one of the ten concurring jurors was subsequently shown to be under felony indictment. *Palmer Well Servs., Inc.,* 776 S.W.2d at 576. Because the verdict was impermissibly rendered by only nine qualified jurors, the appellant was granted a new trial. *Id.* at 577. The error was discovered after the jury had been dismissed, and the appellant preserved the error by a motion for new trial. *Id.* at 576–77.

In both cases relied on by Suggs, the verdict was rendered by only nine jurors, and the error was properly preserved in the trial court. Here, the verdict was properly rendered by the signatures of ten of the twelve jurors. *See* TEX.R. CIV. P. 292. No juror renounced the verdict in open court, and no juror was disqualified. The only juror who signed the verdict certificate but was not polled was the presiding juror, Irvin. It was Irvin who read the verdict to the court. Irvin also affirmatively represented that the jury had returned the requisite ten signatures. Even though he was not polled, these circumstances strongly indicate Irvin concurred in the verdict and would have responded positively had he been specifically asked whether this was his verdict. In light of these facts, we cannot conclude that the polling irregularity of which Suggs complains qualifies as reversible error under TEX.R.APP. P. 44.1(a).

We affirm the judgment.