In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00100-CR
______________________________


LARRY X. ROBERTS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 31,258-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Larry X. Roberts was placed on deferred adjudication March 26, 2004, for the
offense of possession of marihuana, a state jail felony. The State filed, on December 10,
2004, a motion to adjudicate Roberts' guilt, alleging he had possessed more than five but
less than fifty pounds of marihuana, thereby violating a term of his deferred adjudication
community supervision. A hearing was held on the State's motion February 10, 2005,
which resulted in the court adjudicating Roberts guilty and sentencing him to one year's
confinement in a state jail facility. There is no indication in the record that Roberts' plea
or sentence was pursuant to a plea agreement with the State. The trial court's judgment
and the docket sheet both state Roberts waived appeal. The record also does not contain
a certification of Roberts' right to appeal his sentence and conviction. See Tex. R. App. P.
25.2(a)(2).
          As it appears from the record we lack jurisdiction in this cause, we dismiss Roberts'
appeal. See Tex. R. App. P. 25.2(d); Monreal v. State, 99 S.W.3d 615 (Tex. Crim. App.
2003) (appellant who executed waiver of appeal in nonnegotiated plea cannot appeal
without securing permission of trial court). 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      May 26, 2005
Date Decided:         May 27, 2005

Do Not Publish



pp.-Corpus Christi 1993, writ denied) (holding error not preserved when appellant ceased
to pursue a jury poll after explanation by judge). Because this issue involves a waivable
right rather than a structural or systemic one, any complaint associated with the right is
deemed waived unless the right is affirmatively invoked by the aggrieved party. See In re
C.O.S., 988 S.W.2d 760, 767 (Tex. 1999). Suggs waived the right to poll the jury by failing
to invoke that right, and he cannot raise the issue for the first time on appeal. 

 Suggs contended at oral argument that, because the trial judge polled the jury sua
sponte, there was no necessity to request a jury poll and therefore he did not waive his
right to such a poll under Rule 294. However, even if the judge's action in polling the jury
preserved the right for review, Suggs was still required to object to any error in the
procedure. Such procedural errors are waived if the litigant does not affirmatively bring the
error to the court's attention by objection or otherwise. Suggs failed to object to the fact
that only nine jurors were polled. Therefore, nothing is preserved for our review. 

 Suggs further contends that, because only nine jurors were verbally polled by the
court, there is a facial deficiency in the verdict causing fundamental error. He contends
such error is not subject to the requirements of Tex. R. App. P. 33.1(a)(1). (1) However, the
purported violation is of a procedural rule, not of an absolute or systemic right. See C.O.S.,
988 S.W.2d at 767. Rule 294 provides that any party shall have the right to poll the jury. 
Tex. R. Civ. P. 294. The right to poll the jury is a creature of the rules of civil procedure and
must be affirmatively requested in order to be invoked. See Zrubeck, 850 S.W.2d at 585. 
Such a right, if not invoked, will be deemed waived. Id. And even if invoked, any error
involved in implementing such a right must be preserved for review. Tex. R. App. P.
33.1(a)(1). An irregularity in polling the jury must be brought to the court's attention before
the jury is discharged. See Zrubeck, 850 S.W.2d at 586 (discussing types of errors which
must be raised before jury is discharged). This makes the court aware of the error and of
the party's desire to have it corrected at a time when it is feasible to do so. Id.

 In Wilkerson v. Darragh & Lyda, Inc., 408 S.W.2d 542 (Tex. Civ. App.-San Antonio
1966, writ ref'd n.r.e.), the appellant requested that the jury be polled. The court polled the
jurors as a group rather than individually. Id. at 545. On appeal, the court noted that any
error in the polling procedure had been waived. Id. The appellant initially took exception
to the group polling procedure, but declined the judge's offer to supplement the record by
individually polling the jurors. Id.

 Here, Suggs did not request that the jury be polled. The court nevertheless polled
the jurors sua sponte. Suggs then failed to object or otherwise bring to the court's attention
the fact that only nine jurors were polled. Since no complaint was made to the trial court
by timely request, objection, or motion, nothing is preserved for our review. See Tex. R.
App. P. 33.1(a). 

 Even if it were shown that the trial court erred by incompletely polling the jury, and
that the error had been preserved for appeal, in this case the error would be harmless. 
The judgment of the trial court may only be reversed if the error probably caused the
rendition of an improper judgment or probably prevented the appellant from properly
presenting his or her case on appeal. Tex. R. App. P. 44.1(a). Failure to separately and
individually poll each juror is subject to harmless error analysis. Wilkerson, 408 S.W.2d
at 545 (holding harmless trial court's polling of jury as a group, rather than individually). (2) 

 Suggs argues a party is materially injured by an unfavorable verdict rendered by
less than the requisite number of jurors and that such error cannot be harmless, citing as
authority Dunlap v. Excel Corp., 30 S.W.3d 427, 433 (Tex. App.-Amarillo 2000, no pet.)
(citing Palmer Well Servs., Inc. v. Mack Trucks, Inc., 776 S.W.2d 575, 577 (Tex. 1989);
Temple EasTex, Inc. v. Old Orchard Creek Partners, Ltd., 848 S.W.2d 724, 738-39 (Tex.
App.-Dallas 1992, writ denied)). (3) These cases are distinguishable and do not support
Suggs' argument.

 In Dunlap, one party was allowed an additional peremptory strike after the twelve-member jury panel had already been selected and the names disclosed to the parties. 
Dunlap, 30 S.W.3d at 430. The new venireperson not on the original panel then
participated as one of the concurring jurors in a ten-to-two verdict. Id. at 431. Permitting
the extra strike was held to be erroneous. Id. at 433. Because the verdict was
impermissibly rendered by only nine members of the original jury panel, the case was
remanded for a new trial. Id. at 435. The appellant had preserved the error by timely
objection. Id. at 433.

 In Palmer Well Services, the jury concurred ten-to-two in a verdict that resulted in
a take-nothing judgment, but one of the ten concurring jurors was subsequently shown to
be under felony indictment. Palmer Well Servs., Inc., 776 S.W.2d at 576. Because the
verdict was impermissibly rendered by only nine qualified jurors, the appellant was granted
a new trial. Id. at 577. The error was discovered after the jury had been dismissed, and
the appellant preserved the error by a motion for new trial. Id. at 576-77.

 In both cases relied on by Suggs, the verdict was rendered by only nine jurors, and
the error was properly preserved in the trial court. Here, the verdict was properly rendered
by the signatures of ten of the twelve jurors. See Tex. R. Civ. P. 292. No juror renounced
the verdict in open court, and no juror was disqualified. The only juror who signed the
verdict certificate but was not polled was the presiding juror, Irvin. It was Irvin who read the
verdict to the court. Irvin also affirmatively represented that the jury had returned the
requisite ten signatures. Even though he was not polled, these circumstances strongly
indicate Irvin concurred in the verdict and would have responded positively had he been
specifically asked whether this was his verdict. In light of these facts, we cannot conclude
that the polling irregularity of which Suggs complains qualifies as reversible error under
Tex. R. App. P. 44.1(a).


 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: December 5, 2001

Date Decided: December 21, 2001


Publish

1. As a prerequisite to presenting a complaint for appellate review, the record must
show that the complaint was made to the trial court by a timely request, objection, or
motion. Tex. R. App. P. 33.1(a)(1).
2. Note that the holding in Wilkerson can also be explained by the appellant's own
actions at trial. When the trial judge offered to supplement the record by separately polling
the jurors, the appellant declined, thereby waiving any error. Wilkerson v. Darragh & Lyda,
Inc., 408 S.W.2d 542, 545 (Tex. Civ. App.-San Antonio 1966, writ ref'd n.r.e.).
3. Suggs does not cite the Temple EasTex, Inc. case or present an argument as to
how the case applies.