Patti **DUNLAP**, Appellant,

v.

**EXCEL CORPORATION**, Appellee.

No. 07–98–0347–CV.

Court of Appeals of Texas, Amarillo.

June 27, 2000.

**430**

Ted B. Lyon & Associates, Bill Zook, Mesquite, for appellant.

Hinkle, Cox, Eaton, Coffield & Hensley, LLP, David M. Russell, Amarillo, for appellee.

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

PHIL JOHNSON, Justice.

Appellant Patti Dunlap appeals from a take-nothing judgment on her claim for past and future loss of consortium as a result of her husband's personal injuries. We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant's husband, Alvin Dunlap (Alvin), was employed as a truck driver for Reynolds Transportation. On November 15, 1993, Alvin's truck was being loaded at the Excel plant in Friona, Texas. Alvin was injured when he was struck by a hose and fell from the back of his tractor-trailer rig. His injuries were mainly to his lower back and his bladder. Alvin underwent spinal surgery to correct problems arising from his injury. For approximately ten months after his back surgery Alvin was required to wear a hard plastic cast extending from his neck to his waist during the day. Following his injury he developed bladder and sexual dysfunction. Alvin was ordered by his urologist to self-catheterize every four to six hours per day in order to maintain normal bladder function. His urologist suggested the use of papaverine injections or a pump to alleviate sexual dysfunction. The doctors directed Alvin to return periodically for blood tests and urine specimens so they could monitor his bladder condition.

Alvin returned to work as a truck driver in September, 1994. As was the case before the accident, he worked away from home during the week and returned to see his family on weekends. In June, 1997, Alvin developed chronic kidney failure and became unable to work. At the time of trial he was awaiting a kidney transplant and was required to undergo daily dialysis treatments.

In June, 1998, the case was called for trial by a jury. During voir dire several potential jurors were challenged for cause and were dismissed by the trial judge. One potential juror, a Mr. Rodriguez, had formerly worked for Excel and had been discharged. His wife was also a former employee of Excel and had a personal injury lawsuit pending against Excel. Rodriguez was planning to be a witness against Excel in his wife's case. Appellee's challenge of Rodriguez for cause was denied.

After the parties exercised their peremptory challenges and the names of those who would comprise the trial jury had been made known, but before the jury had been sworn, counsel for appellee renewed his objection to the trial court's failure to discharge panel member Rodriguez for cause. Appellee's counsel advised the trial judge that he had been required to use a peremptory challenge against Rodriguez and identified three members of the jury who were objectionable and the reasons they were objectionable. No question of disability was raised as to any of the jurors. The trial judge then granted appellee an additional peremptory challenge. Appellant's counsel objected because the peremptory strike lists had already been turned in and the names of the persons who were not stricken and who would therefore comprise the jury had been made known to the parties. The objection was overruled, and counsel for appellee used the additional peremptory challenge

to strike one of the twelve names that had been made known to the parties and the judge as comprising the jury. The judge and all counsel were aware that following appellee's use of its extra peremptory strike against one of the persons previously disclosed as being on the jury, April Gober, who was not one of the original twelve jurors selected, would become a juror.

At the conclusion of trial, the jury found that the negligence proximately causing Alvin's injury was attributable 50% to Alvin and 50% to appellee. The jury found damages to Alvin in the amount of $1,300,000 for past and future physical pain and mental anguish, loss of earning capacity, physical impairment, medical expenses, and physical disfigurement. The jury found zero damages as to appellant's claim for her past and future loss of consortium. The verdict was 10–2, and juror Gober was one of the ten members of the jury who signed the verdict.

Judgment was entered in accordance with the jury's verdict. After entry of the trial court's Final Judgment, Alvin accepted payment of $903,962.32 in satisfaction of the judgment in his favor and signed a Release of Judgment Lien. Alvin did not file a motion for new trial, is not a party to this appeal, and neither appellant nor appellee assign error on appeal as to the verdict or judgment in his favor.

Appellant urges that the take-nothing judgment against her should be reversed for two reasons. First, she asserts that the trial court committed reversible error during jury selection in granting appellee an additional peremptory challenge after the parties had turned in their peremptory strikes to the clerk and the names of the twelve jurors who were to hear the case had been made known. Her second issue asserts that the jury's finding of zero damages for her loss of consortium claim was against the great weight and preponderance of the evidence. Appellant prays that we reverse and remand for a new trial on her damages issue, or, in the alternative, that we reverse and remand her claim for a new trial as to both liability and damages.

Appellee's response to appellant's first issue is that (1) juror qualification matters are within the discretion of the trial court, and the trial court did not abuse its discretion in changing its ruling regarding appellee's motion to excuse potential juror Rodriguez; (2) the granting of additional peremptory challenges is within the discretion of the trial court, and the trial court did not abuse its discretion in granting appellee an extra peremptory challenge; (3) appellant has not demonstrated harm from the action of the trial court; and (4) appellant acquiesced in the placement of juror Gober on the jury by failing to strike her originally, and by failing to request another peremptory challenge with which appellant could strike Gober after the additional peremptory challenge was granted to appellee. Appellee cites *Implement Dealers Mut. Ins. Co. v. Castleberry*, 368 S.W.2d 249, 254 (Tex.Civ. App.—Beaumont 1963, writ ref'd n.r.e.) for the proposition that peremptory challenges may be exercised up until the jury is sworn. As to appellant's second issue, appellee urges that the jury finding of zero damages for loss of consortium is not against the great weight and preponderance of the evidence. According to appellee, the record contains a great deal of evidence which disputes appellant's having suffered any loss of consortium, and even if she did, whether the cause of the loss was her husband's failure to mitigate his damages. Appellee likewise asserts that Alvin's release of his judgment and lien against appellee works as an acceptance of benefits by appellant, and she is estopped from seeking retrial of her cause of action. Further, appellee refers us to *State Dep't. of Highways and Pub. Transp. v. Cotner*, 845 S.W.2d 818 (Tex.1993) for the proposition that the claims of a husband and wife in a personal injury action are not separable without unfairness to the parties, and that because Alvin settled his judgment

against appellee, appellant's derivative claim cannot be remanded for a separate trial. Although not asserting error as to the judgment in favor of Alvin, appellee by a conditional cross-point asks that if we reverse and remand the entire case, we require Alvin to remit the money paid to him for release of his judgment.

## A. GRANT OF ADDITIONAL PEREMPTORY CHALLENGE

### 1. LAW

■ Part of the process of empaneling a jury to try a case subject to the Texas Rules of Civil Procedure ("TRCP"), entails each party to the suit receiving from the court clerk a list of the names of jurors. TRCP 224. After the lists of the names of jurors are received, the parties are entitled to challenge any juror for cause, and if a challenge for cause is sustained, the juror is removed from the lists of the parties. TRCP 229. If a challenge for cause is overruled and the challenging party desires to preserve error for appellate review, the challenging party must advise the trial court, before exercising its peremptory challenges, that the court's denial of its challenge for cause would force the party to exhaust its peremptory challenges and that, after exercising these peremptory challenges, specific objectionable jurors would still remain on the panel. *Goode v. Shoukfeh,* 943 S.W.2d 441, 452 (Tex.1997); *Hallett v. Houston Northwest Med. Ctr.,* 689 S.W.2d 888, 890 (Tex.1985).

■ After challenges for cause are made, the parties proceed to make their peremptory challenges, if they so desire, to the remaining jurors. TRCP 232. After having made or declined to make their peremptory challenges on their lists of jurors, the parties then deliver their lists to the clerk. TRCP 234. A party exercises its peremptory challenges by delivering its list of peremptory challenges to the clerk. *Beavers v. Northrop Worldwide Aircraft Services, Inc.,* 821 S.W.2d 669, 681 (Tex. App.—Amarillo 1991, writ denied). After

receiving the lists with the parties' peremptory challenges noted, the clerk shall, if the case is in the district court, call off the first twelve names not discharged for cause or removed by peremptory challenge, and those whose names are called shall be the jury. TRCP 234.

■ The granting of additional peremptory challenges is within the discretion of the trial court. *See Diamond Shamrock Corp. v. Wendt,* 718 S.W.2d 766, 768 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); *but see* Tex. Gov't Code Ann. § 62.020(a), (e) (Vernon 1998) (additional peremptory challenges to be allowed when seating alternate jurors). To establish an abuse of discretion, the complaining party must demonstrate that the trial court acted unreasonably, arbitrarily, or without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

■ If error by the trial court is shown, the error is reversible if it (1) probably caused the rendition of an improper judgment, or (2) probably prevented the appellant from properly presenting the case to the court of appeals. Tex.R.App. P. 44.1. The traditional harmless error rule expressed in TRAP 44.1 has been relaxed when the trial court has committed error in awarding strikes. *Lopez v. Foremost Paving, Inc.,* 709 S.W.2d 643, 644 (Tex. 1986). In such a case, the complaining party need only show that the trial was materially unfair to complainant. *Id.*

■ In all but one instance, where the jury is originally composed of twelve jurors, a minimum of ten members of the original jury must concur in the verdict. TRCP 292; *Palmer Well Services, Inc. v. Mack Trucks, Inc.,* 776 S.W.2d 575, 576 (Tex.1989); *Temple EasTex, Inc. v. Old Orchard Creek Partners, Ltd.,* 848 S.W.2d 724, 738–39 (Tex.App.—Dallas 1992, writ denied). Only in the event that three jurors die or become disabled from hearing a case may nine of the original twelve jurors render a verdict. TRCP 292; *see Palmer*

*Well Services, Inc.*, 776 S.W.2d at 576 n. 2. A litigant is materially injured by an unfavorable verdict rendered by less than the requisite number of qualified jurors. *Id.* at 577.

## 2. ANALYSIS

■ When the names of the twelve jury members for a district court case are called by the clerk following the exercise of peremptory strikes by the parties, TRCP 234 mandates that those persons comprise the jury. We do not find *Implement Dealers Mut. Ins. Co. v. Castleberry*, 368 S.W.2d at 249 controlling of our decision. In *Implement Dealers*, only one party had turned in a peremptory challenges list, no one had looked at the list of challenges, and the names of the jurors who would comprise the jury had not been disclosed as of the time a motion for mistrial was lodged by the appellant. *Id.* at 254. The factual situation differs from that before us.

■ Once appellant and appellee delivered their peremptory challenges to the clerk[1] and the names of the first twelve jurors not stricken had been disclosed to the parties, the names of those persons had been "called" within the meaning of TRCP 234, and comprised the jury. We conclude that the trial court abused its discretion by allowing appellee an additional peremptory challenge to strike a member of the jury after the parties had exercised their peremptory challenges and the names of the jury members had been disclosed.

■ Appellant timely objected to the trial court's allowing the original twelve member jury to be reduced to eleven and the addition of another juror not among the original twelve. We do not perceive appellant's complaint to be that the trial court abused its discretion in allowing additional peremptory challenges to appellee, nor that the trial court abused its discretion in determining juror qualifications, as is implied by appellee's responses to appellant's first issue. Appellant's objection to the action of the trial court was clearly that appellee was improperly being allowed to strike a member of the jury after exercise of peremptory challenges by all parties and disclosure of the names of persons comprising the jury. The test for determining if a party has preserved error is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling. *See State Dep't. of Highways and Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex.1992). Appellant did so. Appellant did not fail to preserve her complaint to removal of an original jury member by failing to challenge juror Gober by peremptory challenge, or by failing to request another peremptory challenge after the trial court allowed appellee its additional peremptory strike. Neither action would have corrected the erroneous removal of a member of the original twelve person jury. *See Palmer Well Services, Inc.*, 776 S.W.2d at 576 n. 2.

■ Because the jury was not reduced to only nine members of the original twelve by death or disability of jurors, a valid verdict required the concurrence of the same ten members of the original jury to each and all answers submitted to the jury following trial. TRCP 292; *Palmer Well Services, Inc.*, 776 S.W.2d at 576; *Temple EasTex, Inc.*, 848 S.W.2d at 738–39. Only nine of the twelve members of the original jury signed the verdict. As a matter of law, appellant was materially injured by the rendition of an unfavorable verdict by less than the requisite number of the original members of the jury. *Palmer Well Services, Inc.*, 776 S.W.2d at 577. Appellant's first issue is sustained.

1. The record is not clear to whom the parties delivered their peremptory challenge lists. The record is clear, however, that at the time appellee's counsel made his final objections to jurors and the trial court granted an additional peremptory challenge to appellee, the names of the jurors not stricken by peremptory challenges were known to counsel for the parties and to the court.

## B. NEW TRIAL

■ Appellant prays for a new trial solely on her damages, and in the alternative, for a new trial as to both liability of appellee and her damages. Appellee asserts in its brief that liability has been vigorously contested, and opposes appellant's request that we remand for a new trial only as to damages. We agree with appellee that because appellant's claim for loss of consortium is an unliquidated damages claim and liability is contested, if we determine that remand for a new trial is appropriate, we may not remand for a separate trial solely on damages. TRAP 44.1(b).

■ Appellee also urges, in opposing remand for any type of new trial, that even if the trial court committed error, appellant has accepted benefits under the judgment rendered by the trial court and should therefore be barred from challenging the judgment and seeking a new trial. We disagree.

■ The burden to show that an appellant should be barred or estopped from appealing a trial court judgment because the appellant accepted benefits of the judgment is on the person urging such doctrine. See L.P.D. v. R.C., 959 S.W.2d 728, 731 (Tex.App.—Austin 1998, pet. denied). The judgment in favor of Alvin was based on a jury finding in response to a question instructing the jury to find a sum of money which would fairly and reasonably compensate Alvin for his injury, if any, resulting from the occurrence. In connection with that question the jury was instructed to consider only the elements of (1) physical pain and mental anguish, (2) loss of earning capacity, (3) physical impairment, (4) medical care necessary for treatment of the injury, and (5) physical disfigurement. Appellant's damages were the subject of a separate jury question which limited the jury's consideration to

damages for her loss of consortium. Although appellant's claim is considered to be derivative of Alvin's claims, her loss of consortium claim is distinct and independent from her husband's claims. Whittlesey v. Miller, 572 S.W.2d 665, 667 (Tex. 1978). The trial court judgment specified that Alvin recover damages from appellee and that appellant take nothing from appellee. The Release of Judgment Lien which was executed and filed to document payment of Alvin's judgment was signed only by Alvin. Appellee has not carried its burden to show that appellant accepted benefits from the judgment.

■ We do not address appellee's argument that collateral estoppel bars relitigation of certain issues by appellant and that Alvin's acceptance of payment of his judgment therefore precludes remand of appellant's claim. Appellee neither refers us to any parts of the record which would implicate the doctrine on this appeal, TRAP 38.1(h), 38.2(a)(1), nor offers argument on how appellant is collaterally estopped from appealing her damages finding when her damages question to the jury was totally different from Alvin's damages question. Moreover, appellee does not cite any authority for the proposition that collateral estoppel precludes remand of part of a controversy despite the provisions of TRAP 44.1.[2]

■ Appellee further opposes remand of appellant's claim for a new trial because claims of a husband and wife such as those involved in this case are so interwoven that the granting of a new trial to only one spouse cannot be accomplished without unfairness to the parties. See State Dep't. of Highways v. Cotner, 845 S.W.2d at 819. Without explaining why it would be unfair for appellant to be granted a new trial after her husband's injuries have been compensated and his claim concluded, appellee posits that it would be unfair for a new trial to be granted only to appellant

---

2. We offer no opinion on the applicability of the doctrine of collateral estoppel to proceedings after remand.

and thereby not have the same jury decide all the issues as to appellant and Alvin as spouses. We disagree with appellee's assertion that *Cotner* requires that either (1) appellant be denied a new trial, or (2) the judgment be reversed as to both appellant and her husband Alvin, and a new trial granted to both spouses. The facts of *Cotner* are similar to the facts before us in that both cases involve personal injury lawsuits by spouses arising out of a single occurrence. *Cotner,* however, as subsequently noted by the Texas Supreme Court, involved an appeal by a defendant who opposed the trial court's severing of the claims of a husband from those of a wife after submission of a case to the trier of fact, then granting a new trial only to the husband and refusing a new trial to the defendant on the wife's claims. *See Pat Baker Co., Inc. v. Wilson,* 971 S.W.2d 447, 449–50 (Tex.1998).

In the case at bar we are not faced with the actions of a trial court which, despite objection by the defendant, severed claims of spouses pursuant to TRCP 41, or granted a partial new trial to only one spouse under TRCP 320. Nor are we considering an appeal in which either party before us seeks reversal of Alvin's judgment based on properly assigned trial court error. Appellant only seeks reversal of the take-nothing judgment entered against her. As previously noted, appellee does not assign error and seek reversal of Alvin's judgment against it. Rather, appellee's conditional cross-point asks that should we reverse and remand the entire case, any new trial be made contingent on Alvin's repaying the money he received to release his judgment lien.

 In the absence of fundamental error we may not reverse the judgment of a trial court for a reason not properly assigned as error. *Pat Baker Co., Inc. v. Wilson,* 971 S.W.2d at 450; *see Ramsey v. Dunlop,* 205 S.W.2d 979, 980, 983, 146 Tex. 196 (1947). Neither party has assigned error seeking reversal of Alvin's judgment.

We may not and do not reverse that part of the trial court judgment.

## CONCLUSION

Our determination of appellant's first issue is dispositive of the appeal, therefore we do not address appellant's second issue. TRAP 47.1. We do not remand the entire case for a new trial, therefore we do not address appellee's conditional cross-point. *Id.*

The judgment of the trial court that appellant take nothing is reversed. Appellant's claim against appellee is remanded for a new trial on both liability and damages.