NO. 07-02-0128-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E 



SEPTEMBER 24, 2002


______________________________



IN THE INTEREST OF D. D. H., A CHILD




 _________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 62,405-D; HON. DON EMERSON, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 

 Nyleta Suzette Hocutt (Hocutt) appeals from an order terminating the parental
relationship between her and her three-year-old daughter, DDH. (2) Through an amended
brief, Hocutt asserts five issues. Each involves the legal and factual sufficiency of the
evidence supporting the termination order. That is, she contends that the evidence is both
legally and factually insufficient to support the findings that 1) she engaged in conduct or
knowingly placed the child with persons who engaged in conduct which endangered the
physical and emotional well-being of the child, 2) she knowingly placed or knowingly
allowed the child to remain in conditions or surroundings which endangered the physical
or emotional well-being of the child, 3) she constructively abandoned the child, 4) she
failed to comply with a court order necessary to obtain the return of the child, and 5) 
termination of the parent-child relationship was in the best interest of the child. We affirm
the order of termination.

Standard of Review


 The standard of review applicable to claims of legal insufficiency is discussed in
Leitch v. Hornsby, 935 S.W.2d 114, 118 (Tex. 1996), and need not be reiterated. That
applicable to claims of factual insufficiency is discussed in In re C.H., No. 00-0552, slip
op., 2001 WL 1903109 at 1 (Tex. July 3, 2002).

Issues Four and Five


 We first address the last two issues mentioned above, i.e., compliance with a court
order and the best interest of the child, respectively. Appellant failed to brief them or
otherwise support her contentions with argument, analysis, and citation to authority or the
record. So, those issues were waived. Tex. R. App. P. 38.1(h) (stating that a brief must
contain a clear and concise argument for the contentions made, with appropriate citation
to legal authority and the record); Goode v. Shoukfeh, 915 S.W.2d 666, 674 (Tex.App.--
Amarillo 1996), aff'd, 943 S.W.2d 441 (Tex. 1997) (holding that the failure to properly brief
an argument is grounds to conclude that the argument was waived); Dunlap v. Excel Corp.,
30 S.W.3d 427, 434 (Tex.App.--Amarillo 2000, no pet.) (holding that substantive analysis
and citation to authority must accompany an issue to avoid waiver).





Issue Three


 We next consider the issue of whether legally and factually sufficient evidence
supported the finding that Hocutt constructively abandoned DDH. And, though Hocutt
generally describes the contention as one involving the sufficiency of the evidence, she
actually asserts that her absence from DDH was involuntary and, being so, insufficient
basis to warrant termination. We overrule the issue for the following reasons.

 First, Hocutt again fails to accompany her argument with substantive analysis or
citation to legal authority and the record. Thus, the issue was improperly briefed and
waived. 

 Second, Hocutt's actions were allegedly involuntary because she left DDH and went
to Oklahoma due to her fear that the State would take her unborn child from her. That is,
at the time Hocutt left Texas for Oklahoma, she was pregnant. Fearing that the Texas
Department of Protective and Regulatory Services (DPRS) would take the child upon its
birth, she fled from its jurisdiction and left DDH behind. In short, she made a choice and,
sadly, chose one child over the other. 

 It is provided by statute that the parent-child relationship may be terminated if the
parent constructively abandons the child. Tex. Fam. Code Ann. §161.001(1)(N) (Vernon
Supp. 2002). The ground has four elements. That is, it must be shown by clear and
convincing evidence that 1) the child has been in the permanent or temporary managing
conservatorship of the DPRS for not less than six months, 2) DPRS has made reasonable
efforts to return the child to the parent, 3) the parent has not regularly visited or
maintained significant contact with the child, and 4) the parent has demonstrated an
inability to provide the child with a safe environment. Id. Omitted from that statute is any
proviso declaring that the parent-child relationship cannot be terminated due to
constructive abandonment if the elements of §161.001(1)(N) are satisfied but the parent
flees Texas to avoid the DPRS and leaves a child behind. Nor did the legislature state that
termination could be prevented if the parent fled due to his or her belief (whether justified
or not) that another child would be subjected to proceedings initiated by the DPRS. Simply
put, parents have a duty to care for all of their children, not just those they choose to
protect and nurture. Matter of Marriage of Chandler, 914 S.W.2d 252, 254 (Tex.App.--Amarillo 1996, no writ) (stating that a parent has the duty to care for his or her child). 
Because of that, we opt not to write into legislative directive a judicial proviso that bars the
DPRS from attempting to end the parent-child relationship under circumstances like that
at bar. If the legislature cares to create such a defense, it may. We cannot. 

 Nor can Hocutt simply pick and choose which child to nurture and then leave the
other behind. That DDH had been in the conservatorship of the DPRS for the requisite
time is undisputed. In fleeing to Oklahoma instead of attempting to fulfill the plan created
by the DPRS to reunite Hocutt and DDH, in omitting to contact DDH for over six months
immediately prior to trial, and in failing to provide support for that child during those
months, Hocutt provided the remaining clear and convincing evidence needed to terminate
her parental relationship with DDH under §161.001(1)(N) of the Family Code. 

 Since our resolution of issue three disposes of the appeal, we need not address the
remaining issues. Accordingly, we affirm the order of termination. 


 Brian Quinn

 Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. § 75.002(a)(1) (Vernon Supp. 2002). 
2. The parental rights of the father were also terminated, but that termination has not been challenged
on appeal.