NO. 07-02-0128-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 24, 2002

_____

IN THE INTEREST OF D. D. H., A CHILD

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 62,405-D; HON. DON EMERSON, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

Nyleta Suzette Hocutt (Hocutt) appeals from an order terminating the parental relationship between her and her three-year-old daughter, DDH.[2] Through an amended brief, Hocutt asserts five issues. Each involves the legal and factual sufficiency of the evidence supporting the termination order. That is, she contends that the evidence is both legally and factually insufficient to support the findings that 1) she engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical and emotional well-being of the child, 2) she knowingly placed or knowingly

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. § 75.002(a)(1) (Vernon Supp. 2002).

[2]The parental rights of the father were also terminated, but that termination has not been challenged on appeal.

allowed the child to remain in conditions or surroundings which endangered the physical or emotional well-being of the child, 3) she constructively abandoned the child, 4) she failed to comply with a court order necessary to obtain the return of the child, and 5) termination of the parent-child relationship was in the best interest of the child. We affirm the order of termination.

### Standard of Review

The standard of review applicable to claims of legal insufficiency is discussed in *Leitch v. Hornsby,* 935 S.W.2d 114, 118 (Tex. 1996), and need not be reiterated. That applicable to claims of factual insufficiency is discussed in *In re C.H.,* No. 00-0552, slip op., 2001 WL 1903109 at 1 (Tex. July 3, 2002).

### Issues Four and Five

We first address the last two issues mentioned above, *i.e.,* compliance with a court order and the best interest of the child, respectively. Appellant failed to brief them or otherwise support her contentions with argument, analysis, and citation to authority or the record. So, those issues were waived. TEX. R. APP. P. 38.1(h) (stating that a brief must contain a clear and concise argument for the contentions made, with appropriate citation to legal authority and the record); *Goode v. Shoukfeh,* 915 S.W.2d 666, 674 (Tex.App.--Amarillo 1996), *aff'd,* 943 S.W.2d 441 (Tex. 1997) (holding that the failure to properly brief an argument is grounds to conclude that the argument was waived); *Dunlap v. Excel Corp.,* 30 S.W.3d 427, 434 (Tex.App.--Amarillo 2000, no pet.) (holding that substantive analysis and citation to authority must accompany an issue to avoid waiver).

2

***Issue Three***

We next consider the issue of whether legally and factually sufficient evidence supported the finding that Hocutt constructively abandoned DDH. And, though Hocutt generally describes the contention as one involving the sufficiency of the evidence, she actually asserts that her absence from DDH was involuntary and, being so, insufficient basis to warrant termination. We overrule the issue for the following reasons.

First, Hocutt again fails to accompany her argument with substantive analysis or citation to legal authority and the record. Thus, the issue was improperly briefed and waived.

Second, Hocutt's actions were allegedly involuntary because she left DDH and went to Oklahoma due to her fear that the State would take her unborn child from her. That is, at the time Hocutt left Texas for Oklahoma, she was pregnant. Fearing that the Texas Department of Protective and Regulatory Services (DPRS) would take the child upon its birth, she fled from its jurisdiction and left DDH behind. In short, she made a choice and, sadly, chose one child over the other.

It is provided by statute that the parent-child relationship may be terminated if the parent constructively abandons the child. TEX. FAM. CODE ANN. §161.001(1)(N) (Vernon Supp. 2002). The ground has four elements. That is, it must be shown by clear and convincing evidence that 1) the child has been in the permanent or temporary managing conservatorship of the DPRS for not less than six months, 2) DPRS has made reasonable efforts to return the child to the parent, 3) the parent has not regularly visited or maintained significant contact with the child, and 4) the parent has demonstrated an

3

inability to provide the child with a safe environment. *Id.* Omitted from that statute is any proviso declaring that the parent-child relationship cannot be terminated due to constructive abandonment if the elements of §161.001(1)(N) are satisfied but the parent flees Texas to avoid the DPRS and leaves a child behind. Nor did the legislature state that termination could be prevented if the parent fled due to his or her belief (whether justified or not) that another child would be subjected to proceedings initiated by the DPRS. Simply put, parents have a duty to care for *all of their children*, not just those they choose to protect and nurture. *Matter of Marriage of Chandler,* 914 S.W.2d 252, 254 (Tex.App.-- Amarillo 1996, no writ) (stating that a parent has the duty to care for his or her child). Because of that, we opt not to write into legislative directive a judicial proviso that bars the DPRS from attempting to end the parent-child relationship under circumstances like that at bar. If the legislature cares to create such a defense, it may. We cannot.

Nor can Hocutt simply pick and choose which child to nurture and then leave the other behind. That DDH had been in the conservatorship of the DPRS for the requisite time is undisputed. In fleeing to Oklahoma instead of attempting to fulfill the plan created by the DPRS to reunite Hocutt and DDH, in omitting to contact DDH for over six months immediately prior to trial, and in failing to provide support for that child during those months, Hocutt provided the remaining clear and convincing evidence needed to terminate her parental relationship with DDH under §161.001(1)(N) of the Family Code.

Since our resolution of issue three disposes of the appeal, we need not address the remaining issues. Accordingly, we affirm the order of termination.

4

Brian Quinn
Justice

Do not publish.